THE HATTERS' BANK, Respondents, *v.* JOHN D. PHILLIPS *et al.*, Appellants.

ADMISSION OF EVIDENCE.   Action against makers of note by owners and holders for value.  Answer, denying that plaintiffs are owners and holders of said note, and alleging that they had transferred the same to C.; defendants upon trial give evidence to show, that C. had brought suit upon the note, — of course as owner.   Plaintiffs thereupon offer the testimony of B., that he received the note from plaintiffs (a foreign corporation) for collection; that, for convenience, he sued the note in the name of C., with his consent, which suit was discontinued; that C. paid nothing, and was to pay nothing, for the note.

*Held,* that the evidence was properly admitted.

THIS is an action upon a promissory note of one thousand dollars, made by the defendants and payable to the order of Benedict and Farnham, at the Hatters' Bank, Bethel, Conn., three months after date, and is dated December 21st 1859. The cause was tried before a referee who found the following facts, to wit, that the defendants, as copartners in business, made the promissory note mentioned and set forth in the complaint in this action.   That the payees of the said note, before the maturity thereof, indorsed the said note to the plaintiffs for a valuable consideration; that the defendants have not paid the said note or any part thereof, and that the plaintiffs are now the lawful owners and holders of the said note; and, also, that the plaintiffs are, and were at the time stated in the complaint, a corporation duly chartered under and by the laws of Connecticut; and upon these facts he gave judgment for the plaintiffs for the amount of the note and interest, $1,069.38.

The defendants excepted to the findings of fact, that the payees of the note in the complaint mentioned indorsed the same to the plaintiffs before the maturity thereof, for a valuable consideration, and that the plaintiffs are the lawful owners and holders thereof; and, also, to the referee's conclusion of law, that the plaintiffs were entitled to recover, etc.

*Samuel Hand*, for the plaintiffs.

*William E. Curtis*, for the defendants.

MASON, J.   As there was evidence in the case upon which to predicate these findings of fact by the referee, they are conclusive upon this court, and cannot be reversed upon this appeal.

The plaintiffs were entitled to recover upon the facts found, and the judgment must be affirmed, unless the referee erred in some of his rulings in admitting evidence.   The defendants set up the defense in their answer, that this note was transferred by the plaintiffs to one George W. Clarke, for and on behalf of Benedict and Farnham, and upon the trial gave evidence tending to show that the said Clarke brought a suit upon the note, and, upon information and belief, denied that the plaintiffs are the owners and holders of the note.   It therefore, in reply, becomes material for the plaintiffs to show that the note was never in fact transferred to Clarke, and for this purpose George C. Barrett was called, who testified that this note was transmitted to him by the plaintiffs for collection, and, that, as the plaintiffs were a foreign corporation, and he might be put to some trouble in proving the corporation, and giving security for costs, he sued the note in the name of the said Clarke, and with his consent, and, when the defendants set up in their answer that the said Clarke was not the holder and owner of the note, and he found that he was going to be beaten in the suit, he discontinued the same. There was no error committed in allowing Mr Barrett to testify, that he received the note from the plaintiffs shortly after maturity, with instructions to take proceedings for the collection of the same.   The instructions were a part of the *res gestæ.* Barrett testified that Clarke paid nothing for the note, without any objection, and no error was committed in allowing him to testify that he was not to pay any thing.   I will not go over the various objections raised by the defendants, while this witness was giving his evidence, and the various questions which were put to him, none of them are well taken.

The plaintiffs' case was as well proved without much of the evidence as with it, and the defendants were not prejudiced by the admission of this evidence. The judgment should be affirmed.

All concur.

Affirmed.